UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
COLUMBUS BROCK,                        :        CASE NO. 1:15-CV-2030
:
       Plaintiff,                  :
:
vs.                                    :        OPINION & ORDER
:
VETERAN ADMINISTRATION, *et al.*,      :
:
       Defendants.                 :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Columbus Brock filed this civil rights action seeking damages against the Veterans Administration (VA) and Dr. Anupana Shahane.  Because his complaint does not allege any federal cause of action against the defendants, the Court entered an order on December 1, 2015, allowing the plaintiff 15 days to file an amended complaint to assert a cognizable federal claim.  The plaintiff has not filed an amended pleading asserting a discernible federal claim.  On December 21, 2015, the plaintiff filed an "amended claim" asking for a 30-day extension.  But this amended claim is unclear and does not assert any discernible legal claim.

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief can be granted.  Although pleadings filed by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), basic pleading requirements are not abrogated in

*pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To state a claim, a complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

The plaintiff's action must be dismissed because he has not asserted any plausible federal claim. To the extent the plaintiff may be attempting to assert a tort claim against the defendants in connection with his medical records, his complaint is insufficient. Tort actions against the United States may be brought only pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). Section 1346(b) waives the sovereign immunity of the United States for claims seeking money damages for injuries caused by the actions of federal employees acting within the scope of their employment. However, before a plaintiff may bring a tort action against the United States, he must first present his claim to the proper federal agency and that agency must deny his claim. *See* 28 U.S.C. § 2675(a). The plaintiff nowhere suggests he has properly exhausted a tort claim under the FTCA.

Accordingly, for the reasons stated above, this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: December 28, 2015         *s/ James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE